UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE, :
       Plaintiff, :
       :
   v. : No. 5:23-cv-01561
       :
ALEJANDRO MAYORKAS, *SECRETARY* :
*OF THE UNITED STATES DEPARTMENT* :
*OF HOMELAND SECURITY*, *et al.* :
       Defendants. :

**O P I N I O N**
Screening pursuant to 28 U.S.C. § 1915(e)(2)

**Joseph F. Leeson, Jr.**                                                                              **May 1, 2023**
**United States District Judge**

      Plaintiff Jane Doe,[1] through counsel, initiated the above-captioned action alleging unreasonable delay in the adjudication of her U-visa petition and in the determination of her eligibility for employment authorization while her U-visa petition is pending. She also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. The Application is granted and, for the following reasons, Count III is dismissed for failure to state a claim.

**I.**     **BACKGROUND**

      Plaintiff, a citizen of Mexico, entered the United States in or around July 2000 when she was eleven (11) years old. *See* Compl. ¶¶ 9-11, ECF No. 1. Since that time, she has been present in the United States without legal status and lacks legal authority to work. *Id.* ¶ 12. Before and after moving to the United States, Plaintiff suffered physical and sexual abuse at the hands of her step-father, which continued for approximately twelve (12) years. *Id.* ¶ 40. In

---

[1]     Jane Doe is a pseudonym.

2019, she learned that one of her younger sisters was also being sexually assaulted by her step-father and reported the abuse to the authorities. *Id.* ¶ 45. Her step-father pled guilty and is currently serving his sentence in California, at the completion of which he will be deported to Mexico. *Id.* ¶¶ 49-50. In October 2019, Plaintiff filed a petition for a U-visa with United States Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 54. USCIS has not yet taken any action regarding her petition. *Id.* ¶ 58.

On April 24, 2023, Plaintiff filed a Complaint against Defendants, officials of Homeland Security and USCIS, alleging the delay relating to her petition for a U-visa is unreasonable as a matter of law. Counts I and II assert a violation of the Administrative Procedures Act ("APA") for: (I) an unreasonable delay of determination of eligibility for U-visa waiting list; and (II) an unreasonable delay of determination of bona fide eligibility for employment authorization. Count III of the Complaint is a Mandamus Act claim based on the failure to determine Plaintiff's eligibility for U-visa waiting list. The Complaint seeks declaratory relief that Defendants' actions/inactions violate the APA, specifically 5 U.S.C. §§ 555(b), 706(1) and 8 C.F.R. §§ 214.14(d)(2). The Complaint also asks for an order compelling Defendants to determine Plaintiff's eligibility for a U-visa or the U-visa waiting list and to adjudicate her application for employment authorization while her U-visa petition remains pending. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs.

## II.   LEGAL STANDARDS

### A.   Screening pursuant to 28 U.S.C. § 1915(e) – Review of Applicable Law

Where a plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required to screen the complaint and to *sua sponte* dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against

a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2). The standard of review is the same as for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Bartelli v. Galabinski*, 228 F. App'x 194, 196 (3d Cir. 2007) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

### B. Motion to Dismiss, Fed. R. Civ. P. 12(b)(6) – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

### C. U-Visas – Review of Applicable Law

Pursuant to 8 U.S.C. § 1101(a)(15)(U), a person that "has suffered substantial physical or mental abuse as a result of having been a victim of [certain] criminal activity," including sexual assault, may apply for a U-visa. A U-visa holder may, after at least three (3) years of physical presence in the United States, apply for permanent residence status. *See* 8 U.S.C. § 1255(m).

### D. Administrative Procedure Act – Undue Agency Delay – Review of Applicable Law

The APA directs that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Pursuant to the APA, a court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, a court is empowered "only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (internal quotations omitted). "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Id.*

### E. Mandamus Act – Review of Applicable Law

"The common-law writ of mandamus, as codified in 28 U. S. C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "To obtain mandamus relief, the plaintiff must establish, by a preponderance of the evidence, three elements: (1) the plaintiff must have a clear right to the relief requested; (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available to the plaintiff." *Taylor v. United States Dep't of Labor*, 552 F. Supp. 728, 744 (E.D. Pa. 1982), *aff'd* 725 F.2d 670 (3d Cir. 1983).

## III. DISCUSSION

The "district court [i]s authorized by the APA to provide a remedy for undue agency delay." *Thompson v. United States Dep't of Labor*, 813 F.2d 48, 52 (3d Cir. 1987). Accordingly, because the APA provides a remedy for Plaintiff Jane Doe's complaint of undue delay, mandamus relief under § 1361 is not available. *See id.* (concluding that because the

plaintiff had an adequate remedy under the APA, he was not entitled to relief under 28 U.S.C. § 1361); *Doe v. Mayorkas*, No. 5:21-cv-01530-JMG, 2021 U.S. Dist. LEXIS 208053, at *16 (E.D. Pa. Oct. 28, 2021) ("The Mandamus Act is inapplicable because the APA affords jurisdiction to review Plaintiffs' claims of unreasonable delay."). "Moreover, a writ of mandamus cannot be used to compel or control a federal officer's discretionary duties." *Shukhrat v. Sec'y United States Dep't of Homeland Sec.*, 634 F. App'x 880, 884 (3d Cir. 2015). "Since the applicable statutes provide USCIS with the sole discretion to determine eligibility for U-Visas, mandamus is not warranted." *Id.* (internal citation omitted). Count III of the Complaint is dismissed with prejudice. *See Brobst v. AG United States*, 807 F. App'x 184, 185 (3d Cir. 2020) (affirming dismissal of a mandamus complaint on screening pursuant to 28 U.S.C. § 1915(e)(2)(B) where the plaintiff had no right to mandamus relief); *Doe*, 2021 U.S. Dist. LEXIS 208053, at *19 (dismissing mandamus claim because the APA provided a remedy for the plaintiff's four-year delay in adjudication of her U-visa petition).

## IV.  CONCLUSION

Plaintiff Jane Doe's Application to Proceed in District Court Without Prepaying Fees or Costs is granted. Accordingly, this Court has conducted the required screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the foregoing reasons, because the APA provides an adequate remedy for Plaintiff's claims of undue delay in the adjudication of her U-visa petition, mandamus relief is unavailable. Count III is therefore dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
